## W. P. SMITH *v.* D. H. McWILLIAMS ET AL.

Debtor and Creditor—Duty of Creditor to Show Ownership of Property attached.

It is the duty of an attaching creditor to show that the property attached was that of his debtor.

Same—Lien.

One who advances money with which to buy personal property for use of a brother in business, reserving a lien on same at the time of the purchase, will be entitled to hold the property to the exclusion of a creditor of his brother.

APPEAL FROM LOUISVILLE CHANCERY COURT.

April 17, 1869.

OPINION OF THE COURT BY JUDGE ROBERTSON:

It was incumbent on the appellant to show, with judicial certainty, that the mules attached by him were the property of his debtor, D. H. McWilliams. The facts conduce rather to the conclusion that they belonged to his brother T. McWilliams. Confusion of dates and some other discrepancies may authorize suspicion of collusion between them for securing the property beneficially to D. H. McWilliams against the appellant as his creditor. But in this forum, mere suspicion is no proof. The answers are so far supported by the testimony as not to allow this court to reverse the long and carefully considered judgment of the chancellor. The evidence shows that the debtor was insolvent and without credit, that to enable him to try the culture of cotton in Mississippi as a resource for sustaining his family and paying his debts, his brother Samuel and his brother-in-law Newton borrowed from Hyatt $2500 for procuring the necessary outfit for that experiment; that this they did on the written assurance, the day before the loan, that the title to the mules bought with a portion of the borrowed money should be retained by Samuel as security, and though that written memorial was dated a few days before the final purchase of the mules yet that purchase was then contemplated, and, for the purpose of the security, may have been properly considered as potentially consummated, and therefore was so treated in the written contract on the faith of which Newton and S. McWilliams became bound for the money borrowed for the outfit necessarily including the mules.

On this theory it is not material in whose name the mules were bought, nor whether they were paid for out of the borrowed money or Samuel's own money, though it is probable that they were actually bought by Samuel and paid for out of the borrowed fund.

We could not presume that Newton and S. McWilliams would have become responsible for the borrowed money without any lien on the property in which it was to be invested. But Newton proves that they assumed the responsibility solely on faith of such security. And the appellant, who might have been benefited, can-

not be damged by such an arrangement, if honestly made, as the facts conduce to prove that it was.

Wherefore, the judgment is *affirmed*.

*Bullitt, for appellant.*

*Cochran, for appellees.*